NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INES CHAVEZ; MONSERRAT HURTADO, | Nos. 08-71325 08-74838 |
| Petitioners, | Agency Nos. A073-896-445 A073-896-446 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted August 23, 2010[**]

Before:     LEAVY, HAWKINS, and THOMAS, Circuit Judges.

In these consolidated petitions for review, Ines Chavez and Monserrat

Hurtado, seek review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

applications for suspension of deportation, and its order denying their motion to

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Canales-Vargas v. Gonzales*, 441 F.3d 739, 742 (9th Cir. 2006). We review de novo claims of constitutional violations in immigration proceedings and for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petitions for review.

In No. 08-71325, the record does not compel the conclusion that petitioners met their burden of establishing continuous physical presence where they failed to provide sufficient evidence supporting their presence from October 19, 1988, to October 19, 1995. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir. 1999) (a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence") (internal quotation marks and citation omitted). Petitioners' due process claim fails because they cannot demonstrate prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

In No. 08-74838, the BIA acted within its discretion in denying as untimely petitioners' motion to reopen because it was filed more than 90 days after the BIA's final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners did not show they were entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897-98

(deadline for filing a motion to reopen may be equitably tolled where a petitioner acts with due diligence).

Petitioners' remaining contentions are unavailing.

**PETITIONS FOR REVIEW DENIED.**